## LANDLORD AND TENANT.

[Circuit Court of Hamilton County.]

SHINKLE, WILSON & KREIS CO. v. ROBERT J. BIRNEY ET AL.*

Decided, February 8, 1902.

*Landlord and Tenant—Damages Resulting from Collapse of Building—Knowledge of Latent Defects—Doctrine of Caveat Emptor Applicable.*

Where a tenant has equal opportunity with his landlord for discovering latent defects in the building he is occupying, the doctrine of *caveat emptor* applies, and knowledge of such defects can not be charged to the landlord more than to the tenant.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

Heard on error.

Conceding the law to be as stated by counsel for plaintiff in error that ''if there is a concealed defect that renders the premises dangerous, which the tenant can not discover by the exercise of reasonable diligence, of which the landlord has or ought to have knowledge, it is the landlord's duty to disclose it, and he is liable for the injury which results from his concealment of it,'' still there is no finding by the court of common pleas that the defendants in error had or ought to have had knowledge of the defects causing the damages, nor does it find that they knew how long the defective timbers had been in the building, which, together with other facts, was necessary to show that by the exercise of ordinary care they would have discovered the defects complained of.

If the plaintiff in error had equal opportunity with the defendants in error to discover latent defects, the rule of *caveat emptor* applies.

There being no more definite knowledge of defects on the part of defendants in error than that possessed by plaintiff in error, there was no greater duty imposed on the former to make the prescribed tests by ''tapping or boring.''

Judgment affirmed.

*Affirmed by the Supreme Court without report, May 25, 1903.

The relief asked in the cross-petition in error can not be granted, for the reason that the bill of exceptions is incomplete, and for the further reason that this court is not authorized to amend the findings of fact.

*Robert Ramsey,* for plaintiff in error.

*John S. Conner* and *Harrison & Aston,* contra.